UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WORTHY LEE CURTIS,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 2:19-cv-02195-KJD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re:  ECF Nos. 1 and 1-1** |

Plaintiff is a *pro se* inmate currently incarcerated at High Desert State Prison seeking to proceed *in forma pauperis*. However, having reviewed Plaintiff's Complaint, the undersigned finds that review of Plaintiff's *In Forma Pauperis* application is unnecessary because Plaintiff fails to establish that his Complaint is properly before the Court.

**DISCUSSION**

Plaintiff filed this lawsuit under 42 U.S.C. § 1983, and states that his rights to "due process and equal protection under [the] law" have been violated. ECF No. 1-1 at 3–4. Upon further review, however, it is clear that Plaintiff is asserting a claim for reinstatement of his Social Security benefits and, therefore, Plaintiff should have instead filed a complaint for judicial review concerning social security benefits pursuant to 42 U.S.C. § 405(g). Specifically, Plaintiff alleges that he began receiving Social Security benefits for his schizophrenia, bipolar disorder, and anxiety around 2004, but his benefits stopped in 2012 when he was convicted of a crime and incarcerated. *Id*. at 3. Plaintiff was released from prison in 2013, but he was subsequently convicted of another crime and has been serving a second prison sentence since 2018. *Id*. at 4. Plaintiff requests that his social security benefits be restored when he is released from prison in 2021. *Id*.

A plaintiff must satisfy the following procedural requirements in order to file a complaint in a Social Security appeal before a federal district court:  (1) the plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the

1

judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims he became disabled; and, (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, Case No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (internal citations omitted).

Here, Plaintiff's Complaint indicates the judicial district in which he resides, states he began receiving Social Security benefits for his enumerated disabilities since he was ten years old, and claims he is entitled to relief because his "childhood reason for benefits did not change" notwithstanding his incarceration. ECF No. 1-1 at 4. However, Plaintiff has not demonstrated that he has exhausted his administrative remedies. That is:

> A claimant must undergo three stages of administrative review after the Secretary's initial decision. If the initial determination is unfavorable, the claimant may request reconsideration. *See* 20 C.F.R. §§ 416.1407-09. If reconsideration is adverse, the claimant may request a hearing before an ALJ. *See* 20 C.F.R. §§ 416.1429-30. If the claimant is dissatisfied with the ALJ's decision, the claimant may request Appeals Council review of the ALJ's decision. *See* 20 C.F.R. §§ 416.1467-68. If the request for review is timely filed, the Appeals Council may either review the ALJ's decision on the merits or deny the claimant's request for review. *See* 20 C.F.R. § 416.1481. Proceeding through these three stages exhausts the claimant's administrative remedies.

*Wiesner v. Berryhill*, Case No. 3:17-cv-00704-MMD-CBC, 2018 WL 5540967, at *2 (D. Nev. Oct. 10, 2018) (internal citation and quotation marks omitted).

Further, Plaintiff has not requested judicial review of a denial of benefits within sixty days after notice of a final decision. However, 42 U.S.C. § 405(g)'s sixty-day requirement is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). "For equitable tolling to apply, the plaintiff must establish that 'exceptional circumstances' existed and that []he acted with 'reasonable diligence.'" *Langella v. Bush*, 306 F.Supp.2d 459, 467 (S.D.N.Y. 2004) (internal citations omitted). Such circumstances do not exist here.

In *Langella*, the "plaintiff [was] pro se; he timely served his complaint on Defendants; and he filed his complaint with the court only three days after the deadline." *Id*. Here, Plaintiff indicates that his social security benefits stopped in 2012 and commenced this action seven years later.

Nevertheless, Plaintiff is free to file a new application for social security benefits upon his release. Social Security Administration, *What Prisoners Need To Know*, available at https://www.ssa.gov/pubs/EN-05-10133.pdf.

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed with prejudice as amendment would be futile and that his application to proceed *in forma pauperis* be denied as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice because amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's *in forma pauperis* application be denied as moot.

DATED THIS 25th day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).